UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN C., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )   2:20-cv-00435-NT |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| | ) |
|    Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

### PRIOR ADMINISTRATIVE PROCEEDINGS AND FINDINGS

Plaintiff initially filed for benefits on February 26, 2013, alleging a disability onset date of December 29, 2011. (R. 135-43.) Plaintiff's claim was denied, and following a hearing on July 15, 2015, Administrative Law Judge (ALJ) Bower found that Plaintiff was not disabled from his alleged onset date through the date of the decision. (R. 8-21.)

Following the Appeals Council's denial of review, Plaintiff filed suit in this Court. The Court remanded the matter for further administrative proceedings, concluding that ALJ Bower's assessment of Plaintiff's residual functional capacity (RFC) was unsupported by expert opinion and exceeded a layperson's expertise. The Court also concluded that the ALJ did not sufficiently identify and discuss the sources from which she derived the components of the RFC. *Coyne v. Berryhill*, No. 2:16-cv-00536-GZS, 2017 WL 4364184, at *3-4 (D. Me. Oct. 1, 2017).

ALJ Helm held a second hearing on February 27, 2018, during which a medical expert and a vocational expert testified. (R. 387-430.) ALJ Helm found Plaintiff not disabled from his alleged onset date through his date last insured. (R. 507-20.) ALJ Helm identified Plaintiff's date last insured as December 31, 2016. (R. 520.) The Appeals Council remanded the matter for further proceedings because ALJ Helm's decision did not address fully the period through Plaintiff's actual date last insured, December 31, 2017. (R. 528-29.)

The Commissioner's final decision for this review is the December 24, 2019, decision of ALJ Holbrook. (ALJ Decision, ECF No. 9-9, R. 328-44.)[1] ALJ Holbrook's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. § 404.1520.

ALJ Holbrook found that Plaintiff has severe, but non-listing-level impairments consisting of anxiety disorder and depressive disorder. (R. 331.) The ALJ further found

---

[1] Because the Appeals Council found no reason to review that decision (R. 319-21), Defendant's final decision is ALJ Holbrook's decision.

that despite his impairments, Plaintiff has the ability to perform a full range of work at all exertional levels, but would need to work on matters that are more object-based tasks than those that are people-based tasks; should avoid any work with the public, as well as tasks that require collaboration with others and teamwork; and would need to limit work involving ongoing judgment, and should avoid work that is at a production pace. (R. 335.)

Based on the RFC finding, ALJ Holbrook concluded that Plaintiff could not return to past relevant work, but given Plaintiff's work experience, and the testimony of a vocational expert, Plaintiff could perform other substantial gainful activity, including the specific representative jobs of garbage collector, dishwasher, and laundry worker. (R. 342-43.) ALJ Holbrook determined, therefore, that Plaintiff was not disabled.

### STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

While Plaintiff claims the ALJ erred in several respects, one of Plaintiff's principal arguments involves the ALJ's reliance on the opinions of medical advisor Richard Anderson, M.D., which opinions the ALJ gave great weight. Plaintiff's challenge in part would require the Court to weigh the various expert opinions. The Court, however, is not to substitute its judgment for the ALJ's judgment. *Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts.").

The more significant concerns regarding the medical opinion evidence is that the expert upon whom the ALJ relied, Dr. Anderson, testified he was unable to read all the notes of Plaintiff's treating psychiatrists, Peter Wilk, M.D. and Ami C. Lim, M.D., and that Dr. Anderson did not have all Dr. Wilk's records. Through what Defendant characterizes as "administrative oversights," some of Dr. Wilk's records (R. 26-30) were not part of the record reviewed by Dr. Anderson or considered by the ALJ. The omitted records included Dr. Wilk's opinions regarding the impact of Plaintiff's depression and anxiety on Plaintiff's ability to work – the central issue in this case.

Defendant appears to suggest in part that Plaintiff is responsible for the administrative oversight and thus should be foreclosed from making an argument related to the records. While Plaintiff failed to ensure the records were part of the record in the proceedings before ALJ Holbrook, Plaintiff secured the admission of the records in the hearing before ALJ Bower and submitted them again to the Appeals Council. Defendant is responsible for maintaining the administrative record. Plaintiff is not precluded from

asserting the argument.

Defendant also maintains that the fact that Defendant did not include the records in the evidence, the fact that Dr. Anderson did not review the records, and the fact the ALJ did not comment on the records constitute harmless error because Dr. Wilk's records and opinions would not have generated a different result. This is not a situation where records were generated as the result of an examination, evaluation, or test conducted after the consultative review. The records existed at the time of the review, were admitted as part of the record at two different stages (i.e., by ALJ Bower and the Appeals Council), yet were not provided to the consultative expert and were not discussed by the ALJ. The regulations applicable to Plaintiff's application provide that the Social Security Administration "will evaluate every medical opinion we receive" and consider the relevant factors when deciding the weight to give the opinion. 20 C.F.R. § 404.1527(c). Given that the record lacks any evidence to establish that the ALJ and Dr. Anderson reviewed and discussed all of Dr. Wilk's records, in the decision under review, Defendant did not evaluate all the opinions it received.[2] Because the ALJ's decision, including the ALJ's assessment of Dr. Wilk's opinions, squarely rests on the opinion of Dr. Anderson, who did not review all Dr. Wilk's records,[3] and because the records reflect Dr. Wilk's opinion on

---

[2] Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity" of a claimant's impairments, including his symptoms, diagnosis and prognosis, what he can still do despite his impairments, and his physical or mental restrictions. 20 C.F.R. § 404.1527(a). While the Appeals Council's consideration of the records might have satisfied this requirement upon review of ALJ Bower's decision, see *Buckley v. Berryhill*, Civil Action No. 1:16-CV-10562-GAO, 2017 WL 3207059 (D. Mass. July 28, 2017), the opinions were not considered by Dr. Anderson or ALJ Holbrook and thus not evaluated as part of the decision under review by this Court.

[3] Dr. Anderson also reported that he could not read all of Dr. Wilk's records that he did review.

the central issue in the case, the fact that Dr. Anderson and the ALJ did not review and assess the records is not harmless error.[4]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of November, 2021.

---

[4] Because I have concluded that the issue regarding Dr. Wilk's records warrants remand, I have not addressed the other errors alleged by Plaintiff.