## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:20-cv-00435-NT |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The Plaintiff, through counsel, requests an award of fees and expenses under the Equal Access to Justice Act ("**EAJA**"), 28 U.S.C. § 2412(d). EAJA Appl. for Fees and Expenses (ECF No. 24). The Defendant opposes the request on the grounds that the Plaintiff's EAJA application was not timely filed (ECF No. 25). For the reasons set forth below, the Plaintiff's application for EAJA fees and expenses is **DENIED**.

## BACKGROUND

"[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r of INS v. Jean*, 496 U.S. 154, 163 (1990). To that end, the EAJA directs courts to award fees and costs to a prevailing party in an action against the United States. 28 U.S.C. § 2412(d)(1)(A). "[T]he Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.' " *Scarborough v. Principi*, 541 U.S. 401, 405 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)).

For a claimant to receive an EAJA fee award, four prerequisites must be met: (1) the claimant must be the "prevailing party;" (2) the government's position must not be "substantially justified;" (3) no "special circumstances" make the award "unjust;" and (4) the application must be supported by an itemized statement and submitted within thirty days of judgment. *Jean*, 496 U.S. at 158 (quoting 28 U.S.C. § 2412(d)(1)(B)). As to the timeliness of a fee application—the only requirement at issue in this case—the statute provides that a prevailing party seeking payment under the EAJA "shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). Section 2412(d)(1)(B) thus "sets a deadline of 30 days after final judgment for the filing of a fee application." *Scarborough*, 541 U.S. at 408.

The Plaintiff initiated this action on November 19, 2020, by filing a complaint for judicial review of an adverse administrative decision made by the Commissioner of the Social Security Administration ("**Commissioner**"). Compl. (ECF No. 1). After briefing by the parties and a hearing, the Magistrate Judge issued a Report and Recommendation, recommending that the Commissioner's decision be vacated and that the case be remanded for further administrative proceedings. R. & R. (ECF No. 21). I adopted and affirmed the recommended decision. Order Affirming the Recommended Decision of the Magistrate Judge (ECF No. 22). On November 30, 2021, judgment entered, vacating the Commissioner's decision and remanding the case for further proceedings. Judgment (ECF No. 23).

The sixty-day appeal period ran through January 31, 2022. *See* Fed. R. App. P. 4(a)(1)(B); 26(a)(1)(C). After the judgment became final on January 31, 2022, the Plaintiff had thirty days—until Wednesday, March 2, 2022—to file his application for EAJA fees for the request to be considered timely under the statute. *See* 28 U.S.C. § 2412(d)(1)(B); *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." (quoting 28 U.S.C. § 2412(d)(2)(G)). The Plaintiff filed his EAJA application on Friday, March 4, 2022. EAJA Appl. for Fees and Expenses. The Commissioner opposed the request as untimely. Def.'s Opp'n to Pl.'s Appl. for Award of Attorney's Fees Pursuant to the EAJA, 28 U.S.C. § 2412 ("**Def.'s Opp'n**") (ECF No. 25). In reply, the Plaintiff explained that the late filing was due to a "docketing error" made by Plaintiff's counsel's office manager. Reply Mem. Regarding EAJA Fees ("**Pl.'s Reply**") (ECF No. 26).

## DISCUSSION

The Commissioner argues that the Plaintiff's request for attorneys' fees should be denied because it was untimely.[1] According to the Commissioner, the Plaintiff is

---

[1]     The Commissioner also suggests that, because the Plaintiff failed to affirmatively address the tardiness of his application, any belated attempt to explain the Plaintiff's untimeliness should be deemed waived. Def.'s Opp'n to Pl.'s Appl. for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 2 n.2 (ECF No. 25). Initially, the Plaintiff had mistakenly stated that his application was "within 30 days of entry of final judgment." EAJA Appl. for Fees and Expenses 1 (ECF No. 24). I take that to suggest that the Plaintiff did not realize his filing was late until it was pointed out by the Commissioner and—given his docketing error—would not have known to explain the untimeliness in his application. I therefore will consider the issue. *See Huy Van Nguyen v. Liberty*, No. 1:17-cv-00237-JAW, 2018 WL 2293931, at *2 n.2 (D. Me. May 18, 2018) (addressing a plaintiff's equitable tolling argument in the habeas context even though the plaintiff had failed to raise it before the Magistrate Judge because the plaintiff "may not have realized that his petition was late until the Magistrate Judge ruled that it was").

not entitled to equitable tolling of the statutory deadline under these circumstances because "a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Def.'s Sur-Reply to Pl.'s Reply Regarding EAJA Fees 1 (quoting *Holland v. Florida*, 560 U.S. 631, 651–52 (2010)). In addition, the Commissioner raises three objections to the requested fees in the event I consider the Plaintiff's late-filed EAJA application. Def.'s Opp'n 3–4. In reply, the Plaintiff concedes that his application for fees was two days outside the thirty-day statutory period, but he argues that equitable tolling should apply because the circumstances causing the Plaintiff to miss the deadline (counsel's docketing error) were out of the Plaintiff's hands, and the Plaintiff, as the client, should not suffer for the errors of his counsel. Pl.'s Reply 2–4.

There is no dispute between the parties as to the fact that the Plaintiff's EAJA application for fees was untimely. The Plaintiff agrees that he filed it two days after the statutory deadline had passed. But, he argues, *Scarborough v. Principi*, 541 U.S. 401 (2004)—in which the Supreme Court applied the relation-back doctrine and held that a timely EAJA application could be amended to cure the plaintiff's failure to include statutorily required language—"relaxed" the rule that any failure to meet the statutory thirty-day deadline is an absolute bar to recovering EAJA fees. Pl.'s Reply 1. Here, there is no timely application to relate back to, so whether the Plaintiff's late-filed fee application is time-barred depends on whether I find it appropriate to equitably toll the statutory filing deadline. *See Rice v. New Eng. Coll.*, 676 F.2d 9, 11

(1st Cir. 1982) ("In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.").

Neither the Supreme Court nor the First Circuit has stated whether equitable tolling may apply to the filing of EAJA fee petitions. *See Scarborough*, 541 U.S. at 421 n.8 ("[W]e express no opinion on the applicability of equitable tolling in the circumstances here presented."). As the Plaintiff points out, the Sixth Circuit has considered the issue and determined that, "based on the Supreme Court's decision in *Scarborough,* the EAJA time limitation for fee applications is subject to equitable tolling." *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005).[2] The Commissioner does not argue that equitable tolling cannot apply in the EAJA context, only that the Plaintiff failed to provide any reason for the Court to equitably toll the deadline. I therefore will assume without deciding that the doctrine of equitable tolling *can* apply to the EAJA thirty-day filing deadline and will proceed to determine whether it *should* be applied under the circumstances here.

"The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own." *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010). A litigant seeking equitable tolling bears the burden of establishing two elements:

---

[2]      In *Townsend v. Commissioner of Social Security*, after concluding that equitable tolling could apply, the Sixth Circuit remanded so the district court could determine whether equitable tolling was warranted under the circumstances. 415 F.3d 578, 583 (6th Cir. 2005). On remand, the district court concluded that "equitable tolling of the EAJA deadline was not . . . warranted" given that the plaintiff "was well aware of the filing deadline." *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 132 (6th Cir. 2007) (internal quotation marks omitted). The Sixth Circuit affirmed, noting that "it was [the Plaintiff's] own neglect which led her to file a late fee application." *Id.* at 134.

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). "The fundamental principle is that equitable tolling is appropriate only when the circumstances that cause a party to miss a filing deadline are out of his hands." *Jobe v. INS*, 238 F.3d 96, 100 (1st Cir. 2001) (internal quotation marks omitted). A court must exercise its equitable tolling power "on a case-by-case basis, [a]nd even where a court has the raw power to invoke equitable tolling, that power should be exercised sparingly." *Dixon v. United States*, 729 F. App'x 16, 19 (1st Cir. 2018) (per curiam) (internal citations and quotation marks omitted).

To meet his burden of demonstrating diligence and an extraordinary circumstance, the Plaintiff says that he "did everything in his power, namely retaining counsel with an established reputation for success in Social Security matters" and that "counsel's docketing error was, beyond dispute, out of [the Plaintiff's] hands." Pl.'s Reply 2–3. He argues that equitable tolling should be applied so as not to "punish[ ]" the Plaintiff for "counsel's error in failing to double check the due date for [his] EAJA application." Pl.'s Reply 4.

While I am sympathetic to the Plaintiff's argument, the law is not on his side. Although egregious attorney misconduct can constitute an extraordinary circumstance, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52 (internal citations and quotation

marks omitted). Counsel's docketing error and failure to double-check the filing deadline fall squarely within the "garden variety claim of excusable neglect" category that courts—including this one—have found do not warrant equitable tolling. *See Julianne M. F. v. Saul*, No. 1:18-cv-00469-GZS, 2020 WL 3989598, at *2–3 (D. Me. July 15, 2020) (equitable tolling not warranted where fee application was filed eight days late because plaintiff's counsel's office noted the EAJA deadline wrong on the file), *report and recommendation adopted,* 2020 WL 4757064 (D. Me. Aug. 17, 2020).[3] The cases the Plaintiff cites to support his tolling argument are inapposite because they all involve the late filing of fee motions under 42 U.S.C. § 406(b), which—unlike the EAJA—does not contain a statutory deadline. *See id.* at *1. Because the Plaintiff fails to meet his burden of demonstrating any extraordinary circumstances that prevented timely filing, equitable tolling of the EAJA deadline is not available.

That said, I appreciate Plaintiff's counsel's request that I not "punish" the Plaintiff for his lawyer's mistake. "The argument that the sins of the attorney should not be visited on the client is a seductive one," but the Plaintiff "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Damiani v. R.I. Hosp.*, 704 F.2d 12, 16 (1st Cir. 1983) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626,

---

[3]      *See, e.g., Criss v. Berryhill*, No. 16 C 2348, 2017 WL 3430578, at *3 (N.D. Ill. Aug. 9, 2017) (attorney's "docketing error"); *Sorrell v. Colvin*, Case No. 13-cv-04874-SI, 2015 WL 4942154, at *3 (N.D. Cal. Aug. 18, 2015) (miscalculation of filing deadline); *Bernal v. Colvin*, No. 1:14-cv-00733-SKO, 2015 WL 4873024, at *2 (E.D. Cal. Aug. 12, 2015) (computer calendaring error); *Charles v. Colvin*, No. 13-CV-03432 (FB), 2015 WL 403239, at *1–2 (E.D.N.Y. Jan. 29, 2015) ("press of [attorney's] business and procedural oversight" (internal quotation marks omitted)); *Huichan v. Barnhart*, No. 05-C-0268-C, 2006 WL 6087660, at *3 (W.D. Wis. Oct. 10, 2006) ("glitch" in lawyer's case management procedures).

633–34 (1962). Unfortunately for the Plaintiff here, his attorney failed to comply with the EAJA statutory deadline, so the Plaintiff is not entitled to recover attorneys' fees under the EAJA.

For the reasons stated above, the Court **DENIES** the Plaintiff's untimely application for EAJA fees.


SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 7th day of June, 2022.

8